# NORTHWESTERN MARBLE & TILE COMPANY v. JOSEPH WILLIAMS.[1]

March 5, 1915.

Nos. 19,013—(157).

**Appeal and error — motion for judgment notwithstanding verdict.**

1. If, after verdict, the unsuccessful party moves for judgment notwithstanding the verdict, but does not move in the alternative for a new trial, he cannot on appeal be awarded a new trial. By resting solely upon his motion for judgment he waives all errors which would be ground only for a new trial.

**Carrier — defective packing — burden of proof.**

2. A common carrier is, at common law, an insurer of the goods shipped, and is responsible for all losses, except those arising from certain excepted causes. One excepted cause is improper packing by the shipper. The rules applicable to contributory negligence do not apply to such a case. The carrier must, to relieve himself from liability, show that the fault of the shipper was the sole cause of the loss.

**Carrier — when defective packing is evident.**

3. If improper packing is apparent to the carrier or his servants, then the carrier may refuse to receive the shipment. If he does receive the shipment he assumes to carry the goods as they are, and the full common law liability as carrier attaches.

**Same — when defective packing is not evident.**

4. Although the carrier has knowledge of the defective packing, yet if it is not apparent to the ordinary observation of the carrier or his servants that the goods cannot be safely carried in the condition in which they are presented, the carrier should not be held to take the chances of injury from improper packing. On this point the evidence in this case presents a question for the jury.

Action transferred to the district court for Rice county to recover $168 for alleged negligence in hauling and delivering certain

[1] Reported in 151 N. W. 419.

Note.—On the question of the liability of the carrier in respect of property which it accepts improperly packed or crated, see note in 29 L.R.A. (N.S.) 1214.

marble slabs.   The case was tried before Childress, J., and a jury
which returned a verdict in favor of defendant.   From an order
denying its motion for judgment notwithstanding the verdict, plain-
tiff appealed.   Affirmed.

*Walter W. Todd,* for appellant.
*James P. McMahon,* for respondent.

HALLAM, J.
Plaintiff, a dealer in marble in Minneapolis, shipped a number
of marble slabs by rail to the state school for the feeble minded at
Faribault.   Defendant is in the transfer business at Faribault.
He was engaged to haul the marble from the railway station at
Faribault to its destination.   The marble was packed in crates,
and on the way some of the crates fell from the wagon and several
slabs were broken.   Plaintiff sued for damages.   The jury found
for defendant.   Plaintiff moved for judgment notwithstanding the
verdict, but did not ask for a new trial, and the court denied the
motion.   This appeal involves only the question of the correctness
of this ruling.

1. Plaintiff assigns as error certain rulings of the court in the
admission of evidence and in the charge to the jury.   If plaintiff
were asking for a new trial it would be proper to consider these
assignments of error, but they are quite immaterial on this appeal.
A party against whom a verdict has been returned may move in
the alternative for a new trial or for judgment notwithstanding
the verdict.   G. S. 1913, § 7998.   When he moves only for judg-
ment and rests upon that motion alone he cannot on appeal be awarded
a new trial.   He has waived all errors which would be ground
only for a new trial.   Bragg v. Chicago, M. & St. P. Ry. Co. 81
Minn. 130, 83 N. W. 511; Krumdick v. Chicago & N. W. Ry. Co.
90 Minn. 260, 95 N. W. 1122; Sallden v. City of Little Falls, 102
Minn. 358, 113 N. W. 884, 13 L.R.A.(N.S.) 790, 120 Am. St.
635; Helmer v. Shevlin-Mathieu Lumber Co. 129 Minn. 25, 151 N.
W. 421.   Errors in the admission of evidence or in the charge to the
jury are of this sort.   They present no ground for judgment notwith-
standing the verdict.   Final judgment cannot be given to the defeated

party because the cause was erroneously tried. Such party may, if he asks for it, be entitled to a new trial on this ground, but never to final judgment. The question before us is, not whether the case was properly tried, but whether there is any competent evidence reasonably tending to sustain the verdict. If so, the verdict must be sustained. In determining that question, every intendment will be indulged in favor of the verdict, and judgment will only be granted when the evidence is conclusive against the verdict. Cruikshank v. St. Paul F. & M. Ins. Co. 75 Minn. 266, 77 N. W. 958; Fohl v. Chicago & N. W. Ry. Co. 84 Minn. 314, 87 N. W. 919; Marengo v. Great Northern Ry. Co. 84 Minn. 397, 87 N. W. 1117; Fischer v. Sperl, 94 Minn. 421, 103 N. W. 502; Stebbins v. Martin, 121 Minn. 154, 140 N. W. 1029.

2. We address ourselves, therefore, to this question of the sufficiency of the evidence to sustain the verdict. Defendant was admittedly a common carrier of goods. A common carrier of goods in general insures the safe transportation of goods committed to him for that purpose, and he is responsible for all damage to the same while in transit, unless such damage is occasioned by certain excepted causes. These excepted causes are act of God, act of public enemy, the inherent quality or "proper vice" of the articles themselves, or some act or omission of the shipper or owner. Christenson v. American Express Co. 15 Minn. 208 (270); Goodman v. Oregon R. & N. Co. 22 Ore. 14, 28 Pac. 894.

Defendant contends that this case comes within the last exception, that is, the contention is that the marble slabs were not properly packed or crated by the shipper; that when they were transferred to wagons they were loaded in the proper and practicable way and were braced in the ususal and proper way by means of boards running from the top of the crates to the bottom of the wagon bed; but that they fell by reason of the fact that the crating was worm eaten, dozy and decayed so that it would not properly hold the nails driven into it for that purpose.

The general rule is that, where the shipper packs articles for shipment, he cannot recover from the carrier for injuries due to improper packing. Hutchinson, Carriers, § 233; Shriver v. Sioux

City & St. P. R. Co. 24 Minn. 506, 31 Am. Rep. 353. Some authorities apply here the rules of contributory negligence, and hold that if the bad packing contributes in any measure to the loss or injury the·carrier is not liable.    5 Thompson, Negligence, § 6465; see Reed v. Philadelphia W. & B. R. Co. 3 Houst. (Del.) 176, 212; Ross v. Troy & B. R. Co. 49 Vt. 364, 24 Am. Rep. 144.    It appears to us that the rules of contributory negligence have no application to such a case.    Contributory negligence of plaintiff is a defense only in cases where the action is founded on negligence of defendant. Here the action is not founded on negligence of the carrier at all. The carrier's common law liability is founded not on negligence but "on broad principles of public policy and convenience, and was. introduced to prevent the necessity of going into circumstances impossible to be unravelled."    Arthur v. St. Paul & D. R. Co. 38 Minn. 95, 100, 35 N. W. 718.    It would be a distinct extension of the doctrine of contributory negligence to apply it to a case of this kind, and an extension which we believe to be unwarranted.    On proof of the contract of carriage and of loss or damage, liability is *prima facie* established.    To relieve himself from liability, the carrier must prove that the loss or damage arose solely from.one or more of the excepted causes, and it avails him not to show that, the shipper was negligent, if the loss or damage would not have resulted except for the concurring fault of the carrier.    The proof must bring the case "entirely and perfectly within the exception." This view is sustained by the weight of authority.    McCarthy & Baldwin v. Louisville & N. R. Co. 102 Ala. 193, 14 South. 370, 48 Am. St. 29; Hutchinson, Carriers, § 333; 1 Moore, Carriers, 559; 4 Elliott, Railroads, § 1492.

3. It is admitted that defendant discovered that the condition of the crating was defective at the time the marble was loaded on his wagon.    It is claimed he thereby assumed all the responsibility. of carrying it in its defective condition.    There is some authority for the proposition that the full duty of the carrier is simply to carry goods in the condition offered, though the defect in loading or packing is apparent, and that if in such case injury results from such defective loading or packing the carrier is relieved.    Ross v. Troy & B.

R. Co. 49 Vt. 364, 24 Am. Rep. 144; see Union Express Co. v. Graham, 26 Oh. St. 595. The better and the more general rule seems to be that, if goods presented for carriage are not properly packed, and that fact is apparent to the carrier or his servants upon ordinary observation, then the carrier may refuse to receive the goods in that condition; but, if he does see fit to receive them, he assumes to carry them as they are and his full common-law liability as carrier attaches to the contract of carriage. McCarthy & Baldwin v. Louisville & N. R. Co. 102 Ala. 193, 14 South. 370, 48 Am. St. 29; Elgin, J. & E. Ry. Co. v. Bates Mach. Co. 98 Ill. App. 311; Elgin, J. & E. Ry. Co. v. Bates Mach. Co. 200 Ill. 636, 66 N. E. 326, 93 Am. St. 218; The David and Caroline, 5 Blatch. (U. S.) 266; Klauber v. American Express Co. 21 Wis. 21, 91 Am. Dec. 452; Atlantic Coast Line R. Co. v. Rice, 169 Ala. 265, 52 South. 918, 29 L.R.A.(N.S.) 1214, Ann. Cas. 1912B, 389; Hannibal R. R. v. Swift, 12 Wall. (U. S.) 262, 20 L. ed. 423, 1 Moore, Carriers, 559.

4. It cannot be said, however, that the carrier must, at his peril, know that the goods are not in fact safely packed. The shipper usually knows better than the carrier the manner in which the goods have been packed and the manner in which they should be packed, and even though the carrier may have knowledge of some defect in the packing, still, if it is not apparent to the ordinary observation of the carrier or his servants that the goods cannot be safely carried in the condition in which they are presented, the carrier should not be held to take the chances of injury from improper packing. See Jaggard, Torts, 1064; McCarthy & Baldwin v. Louisville & N. R. Co. 102 Ala. 193, 14 South. 370, 48 Am. St. 29. It is right here that we think the evidence in this case presents a question of fact for the jury, to determine whether it was manifest to the defendant that the marble could not be carried with safety in the manner in which it was crated. The motion for judgment was therefore properly denied, and the judgment is affirmed.

HOLT, J., took no part.