# JOHN BOSCH v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.[1]

### December 10, 1915.

### Nos. 19,454—(117).

**Judgment notwithstanding verdict.**

1. Judgment notwithstanding the verdict will be granted only when the evidence is conclusive against the verdict. In the present case it does not appear conclusively that the injury did not result from negligence in respect to the lighting of the platform upon which defendant company discharged its passengers.

**Same — negligence of servant.**

2. Whether judgment notwithstanding the verdict may be granted in favor of the master, where a suit, based upon negligence of a servant and brought against both master and servant, results in a verdict in favor of the servant and against the master—there being evidence tending both to prove and to disprove the charge of negligence—is doubted but not decided.

Action in the district court for Wabasha county to recover $25,000 for injury received while alighting from one of defendant's passenger trains. The case was tried before Snow, J., and a jury which returned a verdict for $3,500. Defendant's motion for judgment notwithstanding the verdict was denied. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*F. W. Root, Nelson J. Wilcox* and *John W. Murdock,* for appellant.
*Larrabee & Davies,* for respondent.

TAYLOR, C.

Plaintiff, a passenger upon one of defendant company's passenger trains, was injured while attempting to alight from the train at his destination, the station of Lake City. He brought suit for damages against both the company and the conductor of the train and recovered a ver-

[1] Reported in 155 N. W. 202.

Note.—As to right to judgment non obstante veredicto because of failure of proof, see note in 12 L.R.A.(N.S.) 1021.

dict. The trial court granted a new trial. At the second trial, he recovered a verdict against the company but not against the conductor. The company made a motion for judgment notwithstanding the verdict. This motion was denied; judgment was entered upon the verdict, and the company appealed therefrom.

The company does not ask for a new trial, but for judgment notwithstanding the verdict. Consequently the only question for consideration is whether the record shows conclusively that plaintiff is not entitled to recover. Northwestern Marble & Tile Co. v. Williams, 128 Minn. 514, 151 N. W. 419; L.R.A. 1915D, 1077.

The facts briefly stated are as follows: Defendant has two main line tracks at Lake City running easterly and westerly. The north track is used for west bound trains, and the south track for east bound trains. On the north side of the north track is the depot; on the south side of the south track is a shelter-shed, with a canopy projecting 38 feet therefrom toward the west, and a low concrete platform extending from the shelter-shed toward the west for a considerable distance. On the night in question there was no light in the shelter-shed; there was one 40 candle power incandescent light under the canopy; another 17 feet west of the canopy; another 75 feet further west, and another 75 feet still further west, but this last light was not lighted. Appellant discharges passengers from east bound trains upon this platform at the south side of the track.

Plaintiff took passage upon an electric-lighted full vestibuled east bound passenger train which arrived at Lake City about nine o'clock on the evening of December 6, 1913. He occupied a seat in the smoking-car. As the train slowed down for the stop, the conductor opened the south vestibule upon the rear platform of the smoking-car and stood at the steps, and a brakeman opened the south vestibule upon the adjoining platform of the next car toward the rear, and stood at the south steps upon that car. Plaintiff came out upon the rear platform of the smoking-car ready to alight. A moment later a porter with a telegram in his hand opened the north vestibule of the rear car, alighted and started toward the depot. The conductor at once moved over to the vestibule opened by the porter to prevent passengers from alighting upon the track for west bound trains, leaving the south steps upon the

smoker unguarded. Plaintiff claims that the conductor told him to get off. The conductor and other witnesses deny this. The train was still moving, but plaintiff, thinking it had stopped, stepped off and fell or was thrown in such a manner that the wheels of the car crushed one foot and leg. He was picked up 29 feet west of the most westerly light that was lighted. How far he was thrown or had been carried along toward this light after he had attempted to step off the car, does not appear with certainty.

The court submitted two grounds of negligence to the jury: (1) Whether the conductor negligently directed plaintiff to alight while the train was in motion; (2) whether the company negligently failed to properly light its platform. The court instructed the jury, in effect, that, if they found that the conductor had negligently directed plaintiff to alight while the train was in motion, they must return a verdict against both the company and the conductor; that they could return a verdict against the company alone, only in case they found that the injury resulted from the failure of the company to properly light its platform. The court gave the jury three forms of verdict: The first, in favor of plaintiff and against both the company and the conductor; the second, in favor of plaintiff and against the company; the third, in favor of defendants, and told them that the first form was against both defendants, the second against the company only, and the third in favor of both defendants. They used the second form and returned a verdict in favor of plaintiff and against the company. It contained no reference to the conductor.

The company contends that the evidence is not sufficient to sustain a finding of negligence upon the ground that the platform was improperly lighted; that, in view of the manner in which the case had been submitted, the verdict amounted to a finding that neither the conductor nor the company were chargeable with negligence upon the ground that the conductor had directed plaintiff to alight while the train was in motion, and that it follows that the company is entitled to judgment notwithstanding the verdict.

In determining whether judgment should be granted notwithstanding the verdict, "every intendment will be indulged in favor of the verdict, and judgment will only be granted when the evidence is conclusive

against the verdict." Northwestern Marble & Tile Co. v. Williams, 128 Minn. 514, 151 N. W. 419, L.R.A. 1915D, 1077. "Judgment notwithstanding the verdict will be granted only where it clearly appears that the cause of action sought to be established does not in point of substance constitute a right of recovery, and will be denied in all cases where from the record it appears probable that the party has a cause of action and that defects in the evidence may be supplied on another trial." Daily v. St. Anthony Falls Water Power Co. 129 Minn. 432, 152 N. W. 840. The above cases and the cases cited therein also establish the rule that judgment notwithstanding the verdict will never be granted for error in either law or procedure committed at the trial. In such cases the remedy is a new trial, not judgment contrary to the verdict.

If the charge of negligence in respect to the lighting of the platform were entirely eliminated, and the case turned upon the effect to be given to a verdict in favor of the conductor and against the company based wholly upon the negligence of the conductor—there being evidence tending both to prove and to disprove the charge of negligence—it is doubtful, in view of the above rule, whether judgment notwithstanding the verdict could be rendered in favor of the company; but such is not the present case, and the question is not decided herein.

At the time plaintiff stepped from the train, the car platform upon which he was standing had passed the unlighted lamp upon the station platform, but had not reached the first lighted lamp. The train was moving slowly and smoothly. Plaintiff testified that he looked out from the vestibule to see whether the train had stopped; that it was so dark he could not see that the train was moving; that he thought it had stopped and in that belief stepped off upon the station platform. We are unable to say that the evidence shows conclusively that the company was free from negligence in respect to the lighting of its station platform.

Judgment affirmed.