## PAUL W. PRIGGE v. SELZ, SCHWAB & COMPANY.[1]

July 28, 1916.

Nos. 19,813—(208).

**Appeal from denial of motion for judgment non obstante.**

1. Where the defendant moves for judgment notwithstanding the verdict but makes no motion for a new trial, the only questions for consideration by this court are whether the trial court had jurisdiction and whether there is any competent evidence tending to sustain the verdict.

**Foreign corporation doing business in Minnesota.**

2. The trial court correctly held that defendant was doing business in this state and that the service of the summons upon its representative was valid.

**Sale — action for false representations by third person as to value.**

3. It is the general rule that misrepresentations by the vendor of the value of his goods do not give rise to a cause of action unless coupled with other fraudulent representations, or acts, by which the vendee is misled or overreached; but this rule does not apply to one who is not the vendor. Defendant not being the vendor of the goods in question is not relieved by the above rule from responsibility for false representations as to value made by its representative. *Held* that there is evidence tending to support the verdict.

[1] Reported in 158 N. W. 975.

Action in the district court for Waseca county to recover $3,000 for false representations in inducing plaintiff to purchase the stock in trade of Dahl & Lust. Defendant obtained an order requiring plaintiff to show cause why an order should not be made vacating the attempted service of the summons and complaint upon defendant. The matter was heard before Childress, J., who discharged the order to show cause. The answer alleged that defendant was incorporated under the laws of Illinois, was not doing business in Minnesota, and at the time of the service had no officer or agent within the state. The case was tried before Childress, J., and a jury which returned a verdict for $750. Defendant's motion for judgment in its favor notwithstanding the verdict was denied. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*Frank B. Kellogg, C. A. Severance, Robert E. Olds, S. B. Wilson* and *Mayer, Meyer, Austrian & Platt,* for appellant.

*Moonan & Moonan,* for respondent.

TAYLOR, C.

Defendant made a motion for judgment notwithstanding the verdict, but made no motion for a new trial and this court cannot grant a new trial upon this record. If the court had jurisdiction of defendant, the only question for consideration is whether there is any competent evidence reasonably tending to sustain the verdict. Northwestern Marble & Tile Co. v. Williams, 128 Minn. 514, 151 N. W. 419, L.R.A. 1915D, 1077; Helmer v. Shevlin-Mathieu Lumber Co. 129 Minn. 25, 151 N. W. 421; Daily v. St. Anthony Falls Water Power Co. 129 Minn. 432, 152 N. W. 840; Bosch v. Chicago, M. & St. P. Ry. Co. 131 Minn. 313, 155 N. W. 202.

Before answering, defendant made a motion to set aside the service of the summons on the ground that it was a foreign corporation not doing business in this state and without any agent in this state upon whom legal service could be made. The denial of this motion is assigned as error.

Defendant is an Illinois corporation which manufactures shoes and sells them to retail dealers. It also arranges for the operation in various localities of what are known as "Selz Royal Blue" stores. When an arrangement is made to operate one of these stores, defendant enters into a

contract with the dealer which provides that the store shall be known and advertised as the dealer's "Selz Royal Blue" store, and that the dealer shall handle defendant's shoes exclusively; shall make no purchases for his business except from defendant; shall have no creditor except defendant; shall do a cash business; shall make weekly reports to defendant; shall make and submit an inventory at least twice a year; shall pay 50 per cent of the purchase price of the initial stock in cash; shall make sufficient subsequent payments so that he shall at no time owe defendant more than 50 per cent of the purchase price of the stock actually on hand, and shall keep his stock insured for the benefit of defendant as its interest shall appear. In consideration of these undertakings, defendant agrees to extend credit to the dealer at all times, on open account without interest, in an amount not exceeding 50 per cent of the purchase price of the stock actually on hand, to do the "newspaper advertising" at its own expense for the first year, and to make suggestions and give advice respecting the management of the business when requested by the dealer. Defendant has a state representative in Minnesota who has charge of its business in this state, who has established many "Selz Royal Blue" stores in this state, and who personally and through salesmen under him sells defendant's shoes to such stores and to other merchants. The summons was served upon such state representative. We think that defendant was doing business in this state and that such service was valid under the rule established in the following and similar cases: W. J. Armstrong Co. v. New York C. & H. R. R. Co. 129 Minn. 104, 151 N. W. 917; Atkinson v. United States Operating Co. 129 Minn. 232, 152 N. W. 410; International Harvester Co. v. Commonwealth of Kentucky, 234 U. S. 579, 34 Sup. Ct. 944, 58 L. ed. 1479.

The only question remaining is whether it clearly appears that plaintiff is not entitled to recover upon any theory which the evidence tends to support.

Plaintiff, a young man 24 years of age, who had been employed for about two years in general stores which handled shoes as a part of their stock, learned of the plan of the "Selz Royal Blue" stores, and desiring to operate such a store on his own account conferred with defendant's state representative, one Simpson, for the purpose of making the necessary arrangements and of selecting a suitable location. Later a "Selz

Royal Blue" store previously established at Waseca being for sale, he went with Simpson to Waseca to look over this store with a view of purchasing it. They arrived in the evening and during the evening made a cursory examination of the goods on hand. The owners of the store "demanded one hundred cents on the dollar for the stock," and on returning to the hotel, in answer to plaintiff's inquiry, Simpson stated that the stock "was worth one hundred cents on the dollar then and more because leather goods was about to advance." Thereafter plaintiff conferred with his father and older brother and purchased the stock from the former owners for the full price at which it had originally been sold to them. He paid them one-half the purchase price and assumed their liability to defendant for the other half thereof. He entered into the usual contract with defendant to operate a "Selz Royal Blue" store. It was not a success. He then brought this suit to recover damages for false representations alleged to have been made by Simpson. There is evidence from which the jury could find that about one-third of the stock purchased by plaintiff consisted of shoes which had been out of style for some two years and were unsaleable except at a discount of more than 50 per cent from the original price; that Simpson knew this fact at the time he made the above representation; that he also knew that plaintiff understood that he was acting in plaintiff's interest and that plaintiff was relying upon his judgment as to the value of the stock; that plaintiff in fact did rely upon his statement as to such value; that the former owners had not made a success of the business and were in arrears in their payments to such an extent that defendant had refused to furnish them any more goods, and that Simpson as defendant's agent desired to make a change for the benefit of defendant.

It is the general rule, followed in this state, that a misrepresentation by the vendor of the value of his goods does not give rise to a cause of action, unless coupled with other fraudulent representations or acts, by which the vendee is misled and overreached. 3 Dunnell, Minn. Dig. § 8590; Brown v. Andrews, 116 Minn. 150, 133 N. W. 568; Adan v. Steinbrecher, 116 Minn. 174, 133 N. W. 477; Ludowese v. Amidon, 124 Minn. 288, 144 N. W. 965. "But this immunity is not extended to a person not the vendor. He is held responsible generally for a false representation of value; the excuse of interest, and of the natural disposition of men

to overestimate their own property, not being allowed in this case." Busterud v. Farrington, 36 Minn. 320, 31 N. W. 360. Neither does this rule apply where, instead of dealing at arm's length, one party is acting as the friend and adviser of the other. Adan v. Steinbrecher, 116 Minn. 174, 133 N. W. 477. Simpson testified that in what he did he was acting as the agent and representative of defendant. Defendant was not the vendor, and is not relieved by the above rule from responsibility for the false representations of its representative. An examination of the record fails to convince us that it clearly appears that plaintiff was entitled to no relief.

Judgment affirmed.