JOHN M. HOGGARTH v. MINNEAPOLIS & ST. LOUIS
RAILROAD COMPANY.[1]

October 19, 1917.

No. 20,524.

**Judgment notwithstanding verdict.**

Judgment notwithstanding verdict will never be granted for error in either law or procedure committed at the trial. [Reporter.]

**Appeal and error — assignments of error.**

Where there was no motion for a new trial, the errors assigned upon the excessive amount of recovery, the instructions, and the rulings at the trial cannot be considered. [Reporter.]

**Appeal and error — motion for judgment notwithstanding verdict.**

The only question on appeal from a judgment, motion for judgment notwithstanding the verdict having been denied, is whether there is any competent evidence reasonably tending to sustain the verdict. If the verdict be thus sustained the judgment must stand. [Reporter.]

**Railway — question of negligence for the jury.**

Plaintiff's foot was caught in an unblocked frog of a switch which belonged to defendant railway and connected sidetracks built on land of an elevator company with defendant's right of way. *Held*: Whether defendant was liable for the condition of the switch was a question for the jury. [Reporter.]

Action in the district court for Hennepin county to recover $20,000 for personal injuries received while in the employ of Kasota Elevator Company. The answer alleged that, if plaintiff received any injury, it was through the handling of cars on the premises of the elevator company and that they were not operated by defendant company, and plaintiff failed to observe ordinary care. The case was tried before Waite, J., who when plaintiff rested denied defendant's motion for a directed verdict, and a jury which returned a verdict for $6,600. Defendant's motion for judgment notwithstanding the verdict was denied. From the judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*F. M. Miner* and *M. M. Joyce*, for appellant.
*Frank H. Morrill*, for respondent.

[1]Reported in 164 N. W. 658.

PER CURIAM.

After trial defendant moved for judgment notwithstanding the verdict. The motion was denied. From the judgment entered pursuant to the verdict defendant appeals. Since there was no motion for a new trial the errors assigned upon the excessive amount of recovery, the instructions of the court, and rulings at the trial cannot be considered. Northwestern M. & T. Co. v. Williams, 128 Minn. 514, 151 N. W. 419; Daily v. St. Anthony Falls Power Co. 129 Minn. 432, 152 N. W. 840. "The above cases and the cases cited therein, also established the rule that judgment notwithstanding the verdict will never be granted for error in either law or procedure committed at the trial." Bosch v. Chicago, M. & St. P. Ry. Co. 131 Minn. 313, 155 N. W. 202. Therefore the only question before us is "whether there is any competent evidence reasonably tending to sustain the verdict." If the verdict be thus sustained the judgment must stand. Cruikshank v. St. Paul F. & M. Ins. Co. 75 Minn. 266, 77 N. W. 958, and cases cited in the second paragraph of section 393, Dunnell, 1916 Minn. Dig. Supp.

The action was for recovery of damages for injuries received when plaintiff's foot was caught in an unblocked frog at a railroad switch. That a jury may find actionable negligence in the failure to properly block a railroad frog at a place where men are required to work goes without saying. Nor can there be any question that plaintiff's alleged contributory negligence was for the jury. The only debatable proposition in the case is whether the jury were justified in holding defendant responsible for the unblocked frog. Plaintiff's evidence showed that defendant's right of way is adjacent to certain grain elevators owned by plaintiff's employer. That these elevators are served by defendant through three side tracks located upon land of the elevator company. That at times defendant stores its empties on these tracks. That defendant installed a cross-over track joining these side tracks, the unblocked frog which caused the injury being on the switch of this cross-over track. That this cross-over track belongs to defendant, but under what arrangement it was located upon the elevator company's land is not disclosed. The inference is that the mutual interest of both companies demanded its construction. We think defendant's liability for the condition of the switch was for the jury.

Affirmed.