# WILLIAM OLETZKY v. GREAT NORTHERN RAILWAY COMPANY.

# NORA OLETZKY v. GREAT NORTHERN RAILWAY COMPANY.[1]

December 13, 1918.

Nos. 21,120, 21,121.

**Appeal and error — question reviewable.**

1. As defendant asks for judgment notwithstanding the verdict but does not ask for a new trial, the only question presented is whether there was any competent evidence to support the verdict.

**Carrier — injury to passenger — freedom from negligence — evidence.**

2. Where defendant permitted baggage to remain in the aisle of a car which was so crowded that many passengers were standing in the aisle, and a passenger making her way through the crowd fell over the baggage and was injured, and it does not appear that defendant was unable to place the baggage where it would not endanger passengers, the court cannot say that it conclusively appears that defendant was free from negligence, although the amount of travel on this day was so unprecedented that it could not have been foreseen or properly provided for.

Two actions in the district court for Wright county, one by the husband of Nora Oletzky to recover $1,500 for loss of companionship and services of his wife and expenses incurred by him, and the other by the wife to recover $10,000 for injuries received on defendant's train. The amended answers alleged negligence on the part of Nora Oletzky and that she knew and assumed the risks incurred. The cases were tried together before Fish, J., who at the close of the testimony denied motions for directed verdicts, and a jury which returned a verdict of $500 in favor of the husband and one of $3,000 in favor of the wife. Defendant's motion for judgment notwithstanding the verdict was denied.

From the judgments entered pursuant to the verdicts, defendant appealed. Affirmed.

[1] Reported in 169 N. W. 715.

*M. L. Countryman* and *Cobb, Wheelwright & Dille,* for appellant.
*F. E. Latham* and *C. A. Pidgeon,* for respondents.

TAYLOR, C.

These two cases were tried together and are submitted to this court upon the same record. Nora Oletzky recovered a verdict for personal injuries sustained while a passenger upon defendant's train and William Oletzky, her husband, recovered a verdict for loss of services and for expenses incurred on account of such injuries. Defendant asks for judgment notwithstanding the verdict in each case, but does not ask for a new trial; consequently the only question is whether there is any competent evidence reasonably tending to support the verdicts. Prigge v. Selz, Schwab & Co. 134 Minn. 245, 158 N. W. 975, and cases cited therein; Martin v. Minneapolis & St. L. R. Co. 138 Minn. 40, 163 N. W. 983; Hoggarth v. Minneapolis & St. L. R. Co. 138 Minn. 472, 164 N. W. 658; Dunn v. Great Northern Ry. Co. supra, page 191.

On Saturday, November 2, 1916, Mrs. Oletzky boarded defendant's train at Browns Valley, as a passenger, for the purpose of being transported to Howard Lake. She had a child with her not quite two years of age. When the train left Browns Valley, the car in which she was riding was well filled with passengers but was not especially crowded. As the train proceeded, however, other passengers boarded it until the car was so crowded that men, women and children were standing in the aisle, and it was difficult to pass through the aisle. Grips and suitcases were placed in the aisle along each side, and this was known to defendant's trainmen. Mrs. Oletzky had occasion to take her child to the toilet. She attempted to return to her seat with the child in her arms, and while making her way through the crowd tripped over a suitcase in the aisle and fell, sustaining the injuries for which she sues.

Defendant practically concedes that under ordinary circumstances it would be chargeable with negligence for permitting the aisle to be obstructed in the manner shown by the evidence, but contends that the circumstances were so extraordinary and unusual on this Saturday that it cannot be held to have been negligent in permitting its cars to be overcrowded and the aisles to be obstructed. In support of this contention defendant presented evidence that it was generally known that

a nation-wide strike on all the railroads in the country was threatened on the following Monday; that the state fair opened on Monday; that it had sufficient equipment to take care of all ordinary emergencies; that in consequence of the impending strike it had an unprecedented number of travelers on all the lines of its system on Saturday; and that to accommodate and take care of this travel it made use of all the equipment which it possessed. As authority for its contention, defendant cites Chespeake & O. Ry. Co. v. Austin, 137 Ky. 611, 126 S. W. 144, 136 Am. St. Rep. 312; Quinn v. Illinois Central Ry. Co. 51 Ill. 495; Chicago & N. W. R. Co. v. Carroll, 5 Ill. App. 201; and St. Louis & S. F. R. Co. v. Petties, 99 Ark. 415, 138 S. W. 961.

Conceding that the doctrine of these cases would relieve defendant from liability for injuries resulting from overcrowding or inability to obtain seats under the circumstances here disclosed, yet where, as in this case, the injury resulted because grips and suitcases were allowed to obtruct the passageway, it must appear that defendant was unable to place these grips and suitcases where they would not endanger passengers before we can hold that it conclusively appears as a matter of law that defendant was free from negligence. It does not appear, at least not conclusively, that defendant was unable to remove these grips and suitcases from the passageway and place them where they would not endanger passengers. The evidence made a question for the jury.

Judgments affirmed.