## HELGA B. WHITE v. GREAT NORTHERN RAILWAY COMPANY.[1]

February 14, 1919.

No. 21,107.

**Negligence — proximate cause.**

1. Evidence considered and *held* to justify the submission to the jury of the questions of the alleged negligence of the defendant and whether the same was the proximate cause of decedent's injuries.

**Definition of volunteer.**

2. A volunteer is one who does or undertakes to do that which he is not legally or morally bound to do.

**Master and servant — liability of employer for negligence.**

3. An employee not in active service and not a naked volunteer, engaged with the permission of other employees of a railway company, in a transaction of interest as well to himself as to the company, is entitled to the same protection against the negligence of the company as if he were at the time attending to his own duties.

**Appeal from judgment after motion for judgment notwithstanding.**

4. Where a motion for judgment notwithstanding the verdict was denied and judgment entered, upon appeal from such judgment the only question that will be considered, in the absence of a motion for a new trial, is the sufficiency of the evidence to support the verdict.

[1]Reported in 170 N. W. 849.

Action in the district court for Stearns county by the special administratrix of the estate of Nathan R. White, deceased, to recover $25,000 for the death of her intestate. The answer alleged contributory negligence on the part of decedent. The case was tried before Roeser, J., who at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict for $5,500. Defendant's motion for judgment notwithstanding the verdict was denied. From the judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*M. L. Countryman* and *A. L. Janes,* for appellant.
*Donohue & Stephens,* for respondent.

QUINN, J.

Action to recover for the death of plaintiff's intestate which occurred on one of defendant's freight trains at Melrose in this state as the result of alleged negligence on the part of the defendant company. The plaintiff recovered a verdict for $5,500, and from an order denying its motion for judgment notwithstanding the verdict defendant appeals.

Plaintiff's husband, Nathan R. White, for a number of months had been in the employ of the defendant as a freight brakeman on its Fergus Falls line of road. At about 6:30 o'clock on the morning of January 24, 1917, he was called at Melrose and directed to go to Evansville on a local freight train, there to take the place of a sick brakeman. Accordingly he went to the yards and entered a caboose attached to the rear end of a freight train consisting of 21 freight cars and two locomotives, one of which was pulling the train and the other, a switch engine, at the rear pushing, as was the usual custom. The rear end of the switch engine was against the rear end of the caboose. The train carried both freight and passengers and was engaged in interstate commerce. The engine had a sloping tank lower at the rear end. There were four steps on this tank used by employees in traveling between the rear end and the top of the tank. The morning was very cold, 20 below zero, there were snow and ice on the floor and no fire or fuel in the caboose. The conductor, brakeman, White and two passengers were in the caboose. There was talk between them about getting coal from the engine. White asked for a coal bucket and then went up over the tank to the tender,

filled the bucket and proceeded to return, descending the tank toward the caboose. When he reached the step which is claimed to have been defective, and while in the act of handing the bucket to the brakeman who stood on the rear platform of the caboose, he fell, was forced under the engine and killed.

The alleged defective step No. 1 was the first step at the rear of the tank, the one nearest to the caboose. It was of smooth iron, one-half inch thick, six inches wide, thirteen inches long and riveted to the tank, forming a step much like unto a stair. The witness Zins testified that he stood in the door of the caboose, saw White descend the tank with the coal; that he slipped and fell at this step; that there was a mark on the step where he slipped and that Brown was reaching for the bucket of coal at the time. Brown was the brakeman, and he testified that he stood on the caboose platform about two feet from step No. 1 to receive the coal from White; that he was in the act of reaching for the bucket when White slipped and fell before reaching step No. 1, clearly leaving the fact as to just where White slipped for the jury to determine. The witness, Otto Hanson, testified that he examined this step on the day of the accident; that it was at that time out of level; that the outer side was bent down an inch or more, and that the edge was worn to about half the thickness of the plate. Other witnesses testified to the contrary. The court submitted but one question of negligence to the jury, and that was as to the condition of this step. We think the evidence made a question for the jury as to whether this step was defective as claimed by plaintiff and whether its defective condition was the proximate cause of the accident.

It is contended by defendant, that because White was deadheading from Melrose to Evansville he had no duties to perform on the train, and that there is no showing that the conductor directed him to bring the coal; that therefore in so doing he was a mere volunteer, and, under the instructions as given by the trial court, the verdict cannot stand. We are unable to agree with this contention.

The decedent had been braking for the defendant for several months. He was called to go to Evansville at 6:30. His time began when he was called. It was between 20 and 30 below zero. There were ice and snow

on the floor of the caboose in which he was to ride. There was no fire or coal therein. It was the custom to supply the caboose with coal belonging to the company wherever it might be found, whether on the tender of the locomotive, on cars or elsewhere along the line. It was not safe for a man to ride in a car under such conditions. The decedent owed himself a duty. He was acting as much in his own interest as in that of the defendant in attempting to procure coal to keep from freezing. The brakeman assisted and the conductor stood at the window of the caboose as an onlooker. We do not think it can be successfully claimed that under such conditions White was a volunteer within the meaning of the law. A volunteer is one who does or undertakes to do that which he is not legally or morally bound to do. 8 Words & Phrases, 7357; Kelly v. Tyra, 103 Minn. 176, 114 N. W. 750, 115 N. W. 636, 17 L.R.A.(N.S.) 334. Not so with the defendant. He undertook to assist in doing that in which both he and the defendant were interested. He was assisted by defendant's servant, whose duty it was to have done that very work. The conductor was present and lent his approval. The decedent was not a mere volunteer, but was within the rule requiring the exercise of due care. Meyers v. Kenyon-Rosing Machinery Co. 95 Minn. 329, 104 N. W. 132; Empire Laundry Mach. Co. v. Brady, 60 Ill. App. 379.

It is well settled that where one who has no interest in the work undertakes to assist the servants of another, he does so at his own risk, but where one has an interest in the work and at the request or with the consent of another's servants undertakes to assist them, he does not do so at his own risk. The difference is in the presence or absence of self-interest. In the one case the person injured is a mere volunteer. In the other he is performing a duty of the master as well as in pursuit of his own interests, and entitled to the same protection as one whose business relations with the master expose him to injury from the carelessness of the master's servants. O'Donnell v. Maine Central R. Co. 86 Me. 552, 565, 30 Atl. 116, 25 L.R.A. 661; Beach, Contributory Negligence, § 343; 4 Thompson, Negligence, § 4986. The deceased was an experienced brakeman in the employ of the defendant. He was not a trespasser on the train. He was interested in getting to Evansville. In order to

do so it was necessary to protect himself from the severe cold. In attempting to procure the coal, under all the circumstances, he was entitled to the same protection as though he had been a brakeman on the train.

There was a motion for judgment in favor of the defendant notwithstanding the verdict, which was denied. Judgment was entered in accordance with the verdict from which this appeal was taken. A new trial was not asked for. The only question for this court to determine upon this appeal is the sufficiency of the evidence to justify the verdict. Borgerson v. Cook Stone Co. 91 Minn. 91, 97 N. W. 734; Koski v. Chicago, M. & St. P. Ry. Co. 116 Minn. 137, 133 N. W. 790; Daily v. St. Anthony Falls W. P. Co. 129 Minn. 432, 152 N. W. 840; Hoggarth v. Minneapolis & St. L. R. Co. 138 Minn. 472, 164 N. W. 658; Bosch v. Chicago, M. & St. P. Ry. Co. 131 Minn. 313, 155 N. W. 202. The judgment appealed from is affirmed.