HENRY LEVINE v. DULUTH & IRON RANGE RAILROAD COMPANY AND ANOTHER.[1]

April 29, 1927.

No. 26,022.

**Case followed.**

  1. Northwestern Marble & Tile Co. v. Williams, 128 Minn. 514, followed.

**Rule of case applicable to carload shipments.**

  2. The rule of Northwestern Marble & Tile Co. v. Williams is applicable to carload shipments.

**Custom not to inspect carload shipments not proven.**

  3. The record does not support the claim of custom among carriers not to inspect loading of carload shipments.

[1]Reported in 214 N. W. 17.

**Verdict sustained.**

    4. The evidence is sufficient to sustain the verdict.

    Carriers, 10 C. J. p. 68 n. 77; p. 120 n. 97; p. 377 n. 21; p. 389 n. 92, 93 New; p. 391 n. 29 New.
    Customs and Usages, 17 C. J. p. 449 n. 28.

    See note in 21 L. R. A. (N. S.) 1214; L. R. A. 1915D, 1077; 4 R. C. L. 665; 1 R. C. L. Supp. 1194.

Defendants appealed from an order of the district court for Hennepin county, Guilford, J., denying their alternative motion for judgment or a new trial. Affirmed.

*Dennis F. Donovan, B. W. Scandrett,* and *D. R. Frost,* for appellants.

*Arthur H. Anderson* and *William S. Ervin,* for respondent.

WILSON, C. J.

Plaintiff shipped a carload of store fixtures from Biwabik to Minneapolis. The Duluth & Iron Range Railroad Company was the initial carrier and the Northern Pacific Railway Company was the connecting carrier. He sued to collect damages suffered in transit.

Defendants appealed from an order denying their alternative motion for judgment non obstante or a new trial.

1. On proof of the contract of carriage and of loss or damage, liability is prima facie established. Such liability does not rest upon negligence. The carrier is responsible for all damages to such goods in transit unless occasioned by certain excepted causes mentioned in N. W. Marble & Tile Co. v. Williams, 128 Minn. 514, 151 N. W. 419, L. R. A. 1915D, 1077. The important exception with which we are concerned is whether the loss was due to "some act or omission of the shipper or owner." In order to relieve itself of such liability the carrier must prove that the loss or damage was "entirely and perfectly within the exception," that is, the fault of the shipper was the sole cause of the loss. If improper crating or loading is apparent to the carrier it may refuse the shipment. If under such circumstances it fails to reject, it assumes to carry the

shipment at its peril, and full common law liability attaches.  N. W. Marble & Tile Co. v. Williams, 128 Minn. 514, 151 N. W. 419, L. R. A. 1915D, 1077; Dun. Dig. § 1334; note, L. R. A. 1915D, 1077; DiVita v. Payne, 149 Minn. 405, 184 N. W. 184; S. G. Palmer Co. v. Ill. Cent. R. Co. 164 Minn. 68, 204 N. W. 566.

2.  We are urged to adopt a rule of law to the effect that the law as stated is not applicable to carload shipments.  We find no justification for such distinction and hold that the rule cannot be so limited.

3.  Appellants claim that it is the custom and practice among carriers not to inspect loading of carload shipments.  A custom must be ancient, certain, uniform, compulsory, consistent, general, continued, notorious, reasonable, and not in contravention of law. 17 C. J. 449.  The evidence does not support the claim, which is without merit.

4.  The testimony relating to the manner in which the fixtures were crated and loaded presented a jury question; the jury were permitted, even if they found this was improperly done, to conclude that the loss was in part due to the acts of the initial carrier in that there was evidence to indicate that plaintiff crated and loaded as it directed.  The record would also support a finding by the jury that the agent inspected the crating and loading under circumstances where if either had been defective it would have been apparent from ordinary observation.  The case was fairly and properly submitted to the jury and defendants' requests were properly refused.

Affirmed.