Harold L. SEVERINSON, Individually and as Trustee for the North Dakota Workmen's Compensation Bureau, Plaintiff and Respondent,

v.

Tom NERBY, d/b/a Nerby Construction Company, Defendant and Appellant.

No. 7897.

Supreme Court of North Dakota.

Aug. 5, 1960.

Rehearing Denied Oct. 3, 1960.

Robert A. Alphson, Grand Forks, for plaintiff and respondent.

Degnan, Hager, McElroy & Lamb, Grand Forks, for defendant and appellant.

STRUTZ, Judge.

The defendant appeals from a judgment for the plaintiff and from an order denying a motion for judgment notwithstanding the verdict in an action brought by the plaintiff for personal injuries alleged to have been suffered by reason of the negligence of the defendant.

The defendant had contracted to pour concrete footings and to erect concrete-block walls for a new filling station being built by the Farmers Oil Company of Reynolds. In performing the terms of the contract the defendant was acting as an independent contractor, and not as an employee of the oil company. In carrying out the terms of the contract a concrete mixer had been hauled to Reynolds by the defendant, and at the time of the accident the defendant had started mixing concrete.

The plaintiff was an employee of the Farmers Oil company and was not a hired employee of the defendant. He was present at the construction site as such employee of the oil company since the contract provided that the oil company was to furnish tanks and water necessary for such construction.

After commencing to mix concrete the defendant asked the plaintiff if the Farmers Oil Company had a grease gun, the grease gun ordinarily used for greasing the mixer having been left in Grand Forks. The plaintiff thereupon inquired what the defendant wanted such grease gun for and was told, "For the mixer." The plaintiff testified that he then went into the station and returned with a small grease gun in his hand which he claims to have held up and said to the defendant, "This is the only one we have." The defendant does not recall having heard this statement, but the plaintiff, although he admits that defendant made no reply, says that the defendant was looking in plaintiff's direction at the time he held up the grease gun. The plaintiff thereupon walked over to the mixer, passing between the defendant and the machine, and started to grease it.

When the plaintiff attempted to grease the mixer with the small grease gun his left hand was caught in the gear of the mixer, as a result of which his little finger and the ring finger on his left hand were seriously mangled and later were amputated.

The plaintiff admits that he was at the site of the accident as an employee of the Farmers Oil Company, and that his duties included furnishing water and overseeing the work of pouring the footings and the walls for the oil company. The plaintiff further admits that no one asked him to grease the mixer; that he was asked if he had a grease gun; that he secured a grease gun owned by the Farmers Oil Company and held it up to show it to the defendant, stating: "This is the only one we have"; and that he attempted to grease the mixer and in doing so held the grease gun in his right hand, pushing the plunger with his left hand. It is conceded that no one requested him to grease the machine and that the greasing was his own idea.

The case was submitted to the jury on two theories:

1. That the plaintiff was a gratuitous employee and that the defendant owed him ordinary care; and

2. That the plaintiff was a volunteer and that the defendant owed him only slight care.

The jury returned a verdict for the plaintiff in the sum of $17,500. After the verdict, the defendant moved for judgment notwithstanding the verdict, which was denied. This appeal was taken from the judgment and from the order denying the motion for judgment notwithstanding the verdict.

The plaintiff contends that the defendant was negligent in failing to bring a proper grease gun from Grand Forks when the equipment was moved to Reynolds for carrying out the contract in question, and that the defendant further was negligent in that he failed to warn the plaintiff of the danger of greasing the mixer.

 This court repeatedly has held, on motion for judgment notwithstanding the verdict and on appeal from a judgment by the defendant, that the evidence must be construed most favorably to the plaintiff and that such motion for judgment notwithstanding the verdict admits the truth of inferences and conclusions which can reasonably be deduced from such evidence. Mischel v. Vogel, N.D., 96 N.W.2d 233; Schantz v. Northern Pac. R. Co., 42 N.D. 377, 173 N.W. 556; Pundt v. Huether, N.D., 100 N.W.2d 431. Thus, in considering the defendant's motion for judgment notwithstanding the verdict, the plaintiff's evidence in this case must be taken as true.

 Negligence on the part of a defendant is never presumed merely from proof of the accident, but must be affirmatively proved. 65 C.J.S., Negligence § 204, p. 954; Mischel v. Vogel, N.D., 96 N.W.2d 233; Soltar v. Anderson, 340 Mich. 242, 65 N.W. 2d 777; Seeden v. Great Northern R. Co.,

242 Minn. 360, 65 N.W.2d 178; Zuber v. Northern Pac. R. Co., 246 Minn. 157, 74 N. W.2d 641.

Unless there is some proof of negligence on the part of the defendant, the defendant cannot be held responsible for injuries suffered by the plaintiff no matter how serious or severe those injuries may be. What evidence of negligence on the part of the defendant does the record disclose in this case?

 The plaintiff contends that the defendant was negligent in failing to bring the proper grease gun from Grand Forks. If the failure to bring such grease gun can be viewed as negligence, it clearly was not negligence which was the proximate cause of the injuries suffered by the plaintiff. "Proximate cause" is merely a limitation which the courts have placed upon a person's responsibility for the consequences of his conduct. Someone has pointed out that the act of disobedience of Eve in the garden has been the cause of all of our troubles. Yet no attempt would be made to impose liability on such a basis. In law, a legal responsibility must be limited to those causes which are so closely connected with the result that the law is justified in imposing liability. Forgetting to bring a grease gun could not be the basis of liability in the case because the mere forgetting of the gun would not have caused the accident.

 Plaintiff further contends that the defendant was negligent in failing to warn the plaintiff of the danger involved in greasing the mixer. The evidence does show that the defendant asked the plaintiff: "Harold, have you got a grease gun?" Does that statement either express or imply a request by the defendant that the plaintiff proceed to grease the mixer? Nowhere in the record is there any evidence to show that the defendant told the plaintiff that the machine should be greased. The plaintiff admitted that, in greasing the mixer, it never entered his mind that his hand would be placed near the gears, "or

I would not have done it." Nor do we find a scintilla of evidence to indicate that the plaintiff informed the defendant or in any way indicated that he, the plaintiff, intended to proceed to grease the machine.

Plaintiff cites the case of Jacobs v. Bever, 79 N.D. 168, 55 N.W.2d 512, 514, in support of his contention that the plaintiff was a gratuitous employee, and as such is entitled to recover for injuries caused by defendant's want of ordinary care. In the Jacobs case, there was evidence that the defendant had specifically requested the plaintiff's assistance. In that case the plaintiff testified, " * * * he asked me to finish it for him, to see if the burr was tight enough." While the plaintiff was under the car attempting to make the necessary adjustments, the defendant started his automobile in motion. The court held that, while the plaintiff would not be entitled to recover unless the defendant expressly or impliedly requested the plaintiff's help, the evidence in that case was sufficient to justify the jury in finding that such help had been requested.

Thus in the Jacobs case there was evidence of a specific request for help by the defendant. There was evidence on which the jury could find that the plaintiff was a gratuitous employee of the defendant. As a gratuitous employee, the plaintiff in that case was held to come within the purview of our statute which provides that an employer, in all cases, shall indemnify an employee for losses caused by the employer's want of ordinary care. Sec. 34-0203, N.D.R.C. 1943; Olson v. Kem Temple Ancient Arabic Order of Mystic Shrine, 77 N.D. 365, 43 N.W.2d 385.

In the case here before the court, however, the evidence is limited to an inquiry by the defendant to the plaintiff, "Harold, have you got a grease gun?" plus the testimony of the plaintiff that, after getting such grease gun, he stated: "This is the only one we have." The evidence of the defendant shows that the defendant did not hear this statement and, in view of the fact that the mixer was in operation, this would easily be possible. There is no evidence of any expressed or implied request by the defendant for help from the plaintiff, as was true in the Jacobs case. "Harold, have you got a grease gun?" does not imply any request to do the greasing.

The plaintiff further contends that the defendant was negligent in failing to warn the plaintiff of the danger involved in greasing a mixer, and cites the recent decision of this court in the case of Pundt v. Huether, N.D., 100 N.W.2d 431. We do not believe that the cases are analogous. In the Pundt case we had a minor, seventeen years of age working for the first time on a combine with which he was wholly unfamiliar. Repairs were being made by the defendant's foreman in the vicinity of moving parts on the combine, without having stopped the machine. In that case the plaintiff, as an employee of the defendant, was instructed to hand to the foreman some cotter pins to make such repairs. Thus the situation was entirely different from that in the case here under consideration.

The plaintiff in the instant case was a grown man at the time of the accident; he was not an employee of the defendant and was not working on the job at all except as an employee of the Farmers Oil Company in providing water for the cement mixer; and he was not required to do anything in connection with the operation of the mixer. It is difficult to see how the plaintiff could be a gratuitous employee under the facts of this case. He was not asked to do the greasing or to help in any manner, since the only inquiry made of him was, "Harold, have you got a grease gun?" His status was that of a volunteer.

A "volunteer" is one who does, or who on his own initiative undertakes to do, something which he is not legally or morally obligated to do and which is not in pursuance or protection of his own personal interests. A volunteer comes under the rule that one who volunteers to act for another cannot recover for personal in-

juries as a servant of such other. Heckman v. Warren, 124 Colo. 497, 238 P.2d 854; White v. Great Northern Ry. Co., 142 Minn. 50, 170 N.W. 849; 35 Am.Jur., Master and Servant, Sec. 166, p. 595.

If plaintiff was a mere volunteer, and undertook to assist without invitation and without contractual obligation to do so, defendant would not be liable for any injury suffered by him unless defendant was guilty of gross negligence, willfulness, or wantonness. 35 Am.Jur., Master and Servant, Sec. 166, pp. 595–596.

The jury by its verdict, however, did find for the plaintiff, thus finding the defendant guilty of negligence. As a general rule, findings of the jury on questions of negligence will not be disturbed on appeal where the evidence is such that reasonable men could draw different conclusions from it. Leonard v. North Dakota Co-op. Wool Marketing Ass'n, 72 N.D. 310, 6 N.W.2d 576; Maloney v. City of Grand Forks, 73 N.D. 445, 15 N.W.2d 769; Rokusek v. Bertsch, 78 N.D. 420, 50 N.W.2d 657; Hennenfent v. Flath, N.D., 66 N.W.2d 533.

Let us assume that there is sufficient evidence to justify the jury's finding of negligence on the part of the defendant. We then must consider the question of whether plaintiff was guilty of contributory negligence. Contributory negligence of the plaintiff is an affirmative defense which must be alleged and proved by the defendant. Ignatowitch v. McLaughlin, 66 N.D. 132, 262 N.W. 352.

In this case, contributory negligence was specifically alleged as an affirmative defense. The burden being on the defendant, did he prove it? Let us again look at the record.

The plaintiff testified that he was not familiar with the cement mixer; that he had never worked with such a machine before; and that after getting the grease gun he went to the machine, found a "zerk" near the area where the gears are located on the machine, and "gave it a couple of shots." He then held the grease gun in the air and pumped it a few times to determine whether it was working, and then proceeded to grease the mixer again. In using the grease gun, the plaintiff held it in his right hand and pushed the plunger with his left hand. An examination of Exhibit 7, picturing the mixer, shows the gears to the left and a little below the zerk. Therefore, as the plaintiff pushed the plunger of the small grease gun with his left hand, and with his fingers extended as the plunger was pushed downward, his fingers were pointed toward the gears. Unless his fingers were closed in that position, it would be impossible to keep them out of the gears. Viewing the exhibits, it is difficult to understand how any man with any degree of intelligence would have done so foolish an act.

The accident was the direct result of plaintiff's own act of negligence. Therefore, even though there might be evidence to sustain the jury's finding of negligence on the part of the defendant, it was the plaintiff's own careless, negligent, and foolish conduct that caused his injuries. It was not so much the greasing of the machine but the careless manner in which plaintiff attempted to grease it that caused the accident. Where the question of negligence is involved and the facts and circumstances are such that but one inference can fairly and reasonably be drawn therefrom, negligence becomes a question of law. Lostegaard v. Bauer, 78 N.D. 711, 51 N.W. 2d 761. Therefore, as a matter of law, the plaintiff was guilty of contributory negligence. He voluntarily exposed himself to a danger which he, as a reasonable man, must have realized, or should have realized, existed when he pushed his hand, with fingers extended, toward the moving gears of the mixer.

While contributory negligence is generally a question for the jury, where reasonable minds can draw but one conclusion from the evidence it becomes a question of law. Borner v. Montana-Dakota Utilities

Co., N.D., 65 N.W.2d 127; Goulet v. O'Keeffe, N.D., 83 N.W.2d 889; Armstrong v. McDonald, 72 N.D. 28, 4 N.W.2d 191; Pachl v. Officer, 79 N.D. 143, 54 N.W. 2d 883.

The order denying motion for judgment notwithstanding the verdict and the judgment are reversed.

SATHRE, C. J., and MORRIS, BURKE and TEIGEN, JJ., concur.