# CASES ARGUED AND DETERMINED

## IN THE

# SUPREME COURT

### OF THE

## STATE OF WISCONSIN.

------------◆------------

KLAUBER and another vs. AMERICAN EXPRESS COMPANY.

*Liability of common carrier as insurer.*

1. A common carrier is an insurer against all damage to or loss of goods entrusted to him for transportation, except such as may arise from the act of God or of the public enemy, or that of the owner himself.

2. A *hidden* defect in the packing, from which damage results in the ordinary course of handling and transportation, is the act of the owner, and the carrier is not liable.

3. But the owner is not required to cover goods so as to be safe from rain, wind, or fire, and where these are not of such a character that the damage resulting from them is recognized in the law as from the "act of God," the carrier is liable for such damage.

4. Plaintiff's goods, carried by defendant, not being secured in cases or by any water-proof covering, were injured by rain in their transfer from the cars to defendant's wagon, and thence to its office. *Held*, that defendant was liable for the damage.

APPEAL from the Circuit Court for *Dane* County.

Action to recover for injuries done to goods of plaintiff while in possession of defendant as carrier. The goods are described as "a package containing three dozen ten spring skirts, three dozen sixteen spring skirts, and three dozen twenty spring

skirts ;" and it is alleged that through defendant's negligence they were " water-soaked, rusted and utterly spoiled." Answer, denying negligence on defendant's part, and alleging that the damage arose from the improper manner in which said skirts were packed for transportation.

On the trial (by the court alone) it was stipulated that the package in question was wrapped in paper, and covered with sacking ; that when delivered to plaintiffs it was wet from exposure to rain while being transferred from the cars at Madison to the express wagon, and from the wagon to the defendant's office, all of which was done during a storm of rain. Plaintiffs introduced evidence tending to show that "such goods in any kind of package are perishable in rain-storms, if exposed," and " should not be handled in a storm of rain at all, no matter how packed ;" that small packages of such goods (worth from one to two hundred dollars) are often wrapped in paper and enclosed in sacking, and this is sufficient if they are properly handled. The defendant's evidence tended to show the facts found by the court, which (beside those stipulated) were as follows : 1. That there was nothing about the package to indicate what the contents were, and defendant had no notice what they were. 2. That the goods were exceedingly liable to injury from dampness, and were packed in such a manner as to be injured by slight exposure to it. 3. That the usual and proper mode of packing such goods in such quantity for transportation, by express from New York to Madison, is in wooden boxes or cases. 4. That said package arrived at Madison on the express train during a violent storm of rain ; and it was necessarily, and according to the usual course of business, immediately removed from the cars to the defendant's express wagon, and thence to its office. 5. That in this transfer defendant's servants used such caution and care as would have secured the goods from harm had they been put up properly, or as such goods are usually packed. On these facts the court

rendered judgment against the plaintiffs. They excepted to the second, third and fifth findings, and the latter clause of the fourth ; and appealed from the judgment.

*H. K. & D. W. Tenney*, for appellants, cited *Marshall vs. Am. Ex. Co.*, 7 Wis., 26 ; *Falvey vs. Transportation Co.*, 15 id., 129 ; *Wood vs. Crocker*, 18 id., 345 ; *Hastings vs. Pepper*, 11 Pick., 41 ; *Place vs. Union Ex. Co.*, 2 Hilton, 19 ; *Merritt vs. Earle*, 31 Barb., 38 ; *Cole vs. Goodwin*, 19 Wend., 251 ; *Warden vs. Greer*, 6 Watts, 424 ; *Clarke vs. R. & S. R. R. Co.*, 4 Kern., 570 ; *Porterfield vs. Humphreys*, 8 Humph., 497 ; *Elkins vs. Boston & M. R. R. Co.*, 3 Fost., 275 ; Pierce on Am. R. R. Law, 412 ; Ang. on Carriers, §§ 188 *et seq.*, 212, 214, and notes ; Am. Law Register, Nov., 1865, and June, 1866 ; Story on Bailments, §§ 492a, 515 ; *Camden & Amboy R. R. vs. Baldauf*, 16 Pa. St., 67 ; 78 Eng. C. L., 645 ; 14 C. B., 647.

*Keyes & Hastings* (with whom were *Spooner & Lamb*, of counsel), for respondent, relied on Ang. on Carriers, 217, 219, and the case of *Carriss vs. Johnston*, there cited ; Redfield on Railways, 263 ; 2 Greenl. Ev., § 220 ; Story on Bailm, § 563.

Dixon, C. J. What is meant when it is said that if goods are improperly packed, the carrier will not be liable for injuries resulting from that cause ? Is it meant that if the goods are of a nature to be injured by rain, they must be secured by water-proof covering or cases ? It was argued in this case, that because the goods were of that nature, and the shipper did not pack them in wooden boxes or other water-proof covering, so as to guard against the ordinary contingency of rain when they were transferred from cars to wagons, and from wagons to cars or warehouses, in the course of transit, the company is not responsible for the loss, provided that proper diligence was used in transferring them, so that they received as little injury as possible under the circumstances, the company not having previously provided awnings or other suitable means of pro-

tection, so as effectually to have avoided the injury.   We believe there is no authority for this position, and that the improper packing which will excuse the carrier, signifies some internal or latent defect, of which the carrier does not know, and from which loss or damage ensues to the goods in the ordinary course of handling and transportation.   A common carrier is an insurer against all damage to or loss of goods entrusted to him for transportation, except such as may arise from the act of God, the act of the enemies of the country, or the act of the owner himself.   If there be some hidden defect in the packing, and damage result from that cause, it is the act of the owner, and the carrier is not responsible.   But as to the external protection of the goods, the owner is not required to cover them so as to be safe against the action of rain, or wind, or fire not happening by the act of God.   Those are dangers the hazards of which are by law imposed upon the carrier, and they are such that they may, in general, and especially the first, be easily resisted.   In this case, the company might, with proper care and forethought, very readily have prevented the injury from the rain, while removing the goods from the car to the wagon, and from the wagon to the warehouse.   In speaking of rains and winds, we mean of course those ordinary and frequent occurrences in this country not amounting to tempests. Tempests are regarded as the acts of God; and for losses caused by them the carrier is not liable.   Losses " by act of God," for which the carrier is excused, have been well defined to be " those losses that are occasioned exclusively by the *violence of nature ;* by that kind of force of the elements, which human ability could not have foreseen or prevented ; such as lightning, tornadoes, sudden squalls of wind."   Against all ordinary occurrences of rain, then, the carrier is bound to provide ; and if he does not, and damage ensues to the goods, he must bear the loss, even though the goods might have been so packed or inclosed by the owner as to have prevented the injury.   If goods thus lia-

ble to injury were to be always so packed as not to be injured in that manner, it would, no doubt, greatly diminish the burthen and responsibility thrown upon the carrier. But the owner is not required so to pack them; and if he does not, the omission is known to the carrier, who is supposed to compensate himself for the additional trouble and risk by additional charges for his services. The object of packing is, in general, to secure convenience, safety and dispatch in the handling and transportation, and not to prevent injury from such accidental causes as rain happening in the course of transit, against which the carrier is presumed to have provided. The owner may, therefore, if he choose, deliver the goods without any external protection; and if he does, and they are of a nature to be injured by the mere handling and carriage in a careful and proper manner, and are so injured, the loss will be his own; but if they are otherwise injured, by rain or other cause for which the carrier is not excused, the loss will fall upon the carrier.

The case was likewise presented as if it was a question of the degree of diligence exercised by the company and its servants at the time, to prevent the injury. The loss not having been shown to have arisen from one of the excepted causes, it is no matter what degree of care or prudence may have been bestowed at the time; the company is nevertheless responsible for it.

The principles stated in this opinion are so familiar and well settled that, aside from the authorities found in the brief of counsel, we deem it unnecessary to refer to others, except that we note *Forward v. Pittard*, 1 Term, 27; *Friend v. Woods*, 6 Gratt., 189; *Chevallier v. Straham & Straham*, 2 Tex., 115; and *Smith v. Shepherd*, Abbott on Shipping (5th Am. ed.), 383, and Parsons on Contracts (5th ed.), Vol. 2, note (M), as bearing particularly on the questions considered.

*By the Court.*—The judgment of the circuit court is reversed, and a new trial awarded.