## The Elgin, Joliet and Eastern Railway Company
*v.*
## The Bates Machine Company.

*Opinion filed February 18, 1903.*

1. Carriers—*liability of carrier for injury to goods in transit.* Unless its liability is limited by contract a common carrier is liable for damage to goods in transit, either upon its own line or that of a connecting carrier.

2. Same—*when contract is a "through freight" contract.* A contract by which a carrier guarantees a through rate of freight, and undertakes to transport the goods "to destination, if on its road, or otherwise to the place on its road where the same is to be delivered to any connecting carrier," is a through freight contract, and the receiving carrier is liable beyond its terminus where the goods were carried through in the same car.

*E., J. & E. Ry. Co.* v. *Bates Machine Co.* 98 Ill. App. 311, affirmed.

Appeal from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Will county; the Hon. John Small, Judge, presiding.

J. L. O'Donnell, for appellant:

A common carrier receiving goods marked to a point beyond the terminus of its own line may limit its liability to safe carriage to the end of its own line by a contract with the shipper, whether in the form of a bill of lading or otherwise. *Railroad Co.* v. *Jaggerman*, 115 Ill. 407; *Field* v. *Railroad Co.* 71 id. 458; *Baxter* v. *Railway Co.* 165 id. 78; *Oppenheimer* v. *Express Co.* 69 id. 62; *Railroad Co.* v. *Church*, 12 Ill. App. 24.

Bills of lading are both receipts and contracts. So far as they acknowledge the delivery and acceptance of goods they are mere receipts; as to the rest, they are contracts. *Railroad Co.* v. *Simon*, 160 Ill. 648; Hutchinson on Carriers, p. 122; Porter on Bills of Lading, secs. 1, 2.

The statute of 1874 only prohibits a carrier from limiting its liability in a receipt given for the goods. *Rail-*

*road Co.* v. *Simon*, 160 Ill. 648; *Railroad Co.* v. *Church*, 12 Ill. App. 24.

Assent to the terms of a bill of lading is conclusively proven by evidence that the shipper prepared, printed and had the same in his possession. *Transportation Co.* v. *Joesting*, 89 Ill. 154; *Oppenheimer* v. *Express Co.* 69 id. 62; *Field* v. *Railroad Co.* 71 id. 458.

A common carrier is not liable for an injury to goods caused by the insecure loading of the same by the shipper. *Railroad Co.* v. *Dunbar*, 20 Ill. 623; *Pennsylvania Co.* v. *Bridge Co.* 170 id. 645; *Ross* v. *Railroad Co.* 49 Vt. 364.

Garnsey & Knox, for appellee:

The acceptance of the goods by the carrier without exercising his right to refuse them is, in effect, an acknowledgment of their proper condition. *Railroad Co.* v. *Swift*, 12 Wall. 262; 5 Am. & Eng. Ency. of Law, (2d ed.) 369.

The receipt given by the carrier was a through receipt on its face, in the absence of evidence of any contract to the contrary. *Railroad Co.* v. *Frankenberg*, 54 Ill. 88; *Railway Co.* v. *Merriman*, 52 id. 128; *Transportation Co.* v. *Joesting*, 89 id. 154; *Railway Co.* v. *Montfort*, 60 id. 175.

Bills of lading may be both receipts and contracts, but unless an express contract is shown to have been affirmatively and understandingly made and the assent of the shipper to its terms is shown, they are not contracts under the rule in this State, and the statute of 1874 will apply. *Railway Co.* v. *Simon*, 160 Ill. 648; *Field* v. *Railway Co.* 71 id. 462; *Railroad Co.* v. *Stock Farm*, 197 id. 9; *Railroad Co.* v. *Chapman*, 133 id. 96; *Transportation Co.* v. *Joesting*, 89 id. 154; *Railroad Co.* v. *Church*, 12 Ill. App. 24; 5 Am. & Eng. Ency. of Law, (2d ed.) 295.

A common carrier accepting goods for transportation to a point beyond its line is *prima facie* an insurer of their safe delivery at the destination marked. *Railroad Co.* v. *Copeland*, 24 Ill. 338; *Railway Co.* v. *Merriman*, 52 id. 159; *Railroad Co.* v. *Frankenberg*, 54 id. 88; *Express Co.* v. *Wilson*,

81 id. 339; *Railway Co.* v. *Jagg( nan,* 115 id. 407; *Railroad Co.* v. *Carter,* 165 id. 570; *Expres Co.* v. *Shearer,* 160 id. 220; *Fortier* v. *Pennsylvania Co.* 18 I App. 262; *Railway Co.* v. *Harris,* 55 id. 159.

Mr. JUSTICE RICKS delivere the opinion of the court:

This was a suit begun by ap ellee in the circuit court of Will county, against appella t, for the recovery of the value of a fly-wheel shipped b appellee from Joliet to Louisville, Kentucky. The sh ment was made *via* appellant's railway, and was mou ted and loaded by appellee on a car furnished by appe. int. The receipt for the shipment was as follows: "J IET, ILL., *July 14, 1899.*

"Received from Bates Machine ompany by the E., J. & E. —C. G. & L. R. R. in apparent g d order, except as noted, the packages described below, (co ents and value unknown,) marked and consigned as indicated vhich said company agrees to transport with as reasonable dis tch as its general business will permit, to destination, if on i road, or otherwise to the place on its road where same is to delivered to any connecting carrier. Through rate of fre ht as designated below is hereby guaranteed by this compan Rate 15c per cwt. Joliet, Ill., to Joliet *via* Louisville, Ky.

| CONSIGNEE. | DESTINATION AND MARKS. | DESCRIPTION. | WEIGHT. Subject to Correction. |
|---|---|---|---|
| Hope Worsted Mills Co. | E., J. & E , | Car No. 1528 } | 48000 |
| Louisville, Ky. | Staty Eng's O. & L. S. L. & C. | 117 } | |

'. L. McMANUS, *Agent.*"

The wheel was carried by ap ellant to Dyer, Indiana. At that point the car containin said wheel was turned over to the Monon road, and wh e in the care of the latter road the wheel was broken id totally destroyed in value. The cause was submitt l to the court without a jury, and there was a finding a d judgment in favor of appellee for $1200. Upon appea to the Appellate Court the judgment was affirmed.

Two reasons are urged why the case should be reversed: First, that the court e red in refusing to find that the liability of appellant b limited to its own line;

and secondly, that the proof shows that the proximate cause of the injury to the fly-wheel was the improper loading of the same by appellee.

The bill of lading offered in evidence was a "through freight" contract, and the undertaking of the appellant was to carry the fly-wheel safely from Joliet to Louisville, Kentucky, and it was liable for any injury or damage that might occur to the goods in transit, either upon its own line or that of a connecting carrier, unless its liability was limited by contract. *Chicago and Northwestern Railway Co.* v. *Simon*, 160 Ill. 648; *Toledo, Peoria and Warsaw Railway Co.* v. *Merriman*, 52 id. 123; *Chicago and Northwestern Railway Co.* v. *Calumet Stock Farm*, 194 id. 9; *Illinois Central Railroad Co.* v. *Carter*, 165 id. 570.

In *Toledo, Peoria and Warsaw Railway Co.* v. *Merriman*, *supra*, the bill of lading provided that appellant would transport the freight "over the line of this railway to the company's freight station at its terminus, and deliver in like good order to the consignee or owner, or to such company, (if the same are to be forwarded beyond the limits of this railway,) whose line may be considered a part of the route to the place of destination of said goods or packages, it being distinctly understood that the responsibility of this company as a common carrier shall cease at the station where such goods are delivered to such persons or carrier." In that case, as in this, it was contended that appellant was not liable as common carrier beyond the terminus of its road, and that as it was not shown the loss happened on its road appellee could not recover. In discussing this question the court said: "This defense is utterly groundless, as the receipt or bill of lading offered in evidence shows upon its face it was a 'through freight contract,' and it was in proof by the defendant's agent that freight received by this company as through freight was never unloaded or delivered at their terminus, but forwarded on to its place of destination in the cars in which it was received."

We regard the contract in tl   case cited, as a contract much more favorable to appel  nt's position than is the one now before us. We are una  le to find anything in the bill of lading which limits the  iability to loss or dam- age occurring upon its own li  :. Neither the point of destination on appellant's roa  was mentioned in the contract, nor was the road to ᴠ  iich appellant intended to deliver the car for carriage  rom its terminus to the point of destination mentioned  nor was the proportion of freight that was to be paid  o appellant and to the connecting carrier stated.   In  ict, there was simply a through freight rate of fifteen (  nts per hundred weight fixed.   The undisputed evidenc  in this case shows that the car in which this wheel wa  loaded was treated by appellant as a through car, an  in fact, the wheel was sent therein to the point of des  ination, and there is no evidence tending to show that  ny other rule obtained with this company in shipping  irough freight that was to be delivered to connecting li  :s. We think the *Merriman case, supra,* decisive of the  se at bar.

The defense that the proxim  e cause of the injury to the fly-wheel was the improper  )ading by appellee was an issue of fact, and this has be  a determined adversely to appellant by the trial and A  pellate Courts.   There is a conflict of evidence upon tl  s issue, hence the find- ing of the trial and Appellate C  arts is conclusive.

Finding no error in the reco  l the judgment will be affirmed.