C. C. TAFT COMPANY, Appellee, v. AMERICAN EXPRESS COMPANY, Appellant.

**Carriers:** TRANSPORTATION OF PERISHABLE COMMODITIES: NEGLIGENCE. Where a carrier undertakes to transport perishable commodities in a refrigerator car he must provide a supply of ice, not only at the point of shipment but as required along the line, which will reasonably insure a safe transit to the point of destination and a failure so to do is negligence. Evidence held to show negligence.

*Appeal from Polk District Court.*— HON. W. H. McHENRY, Judge.

WEDNESDAY, MARCH 6, 1907.

ACTION at law by plaintiff against defendant as a common carrier to recover damages for negligence. The opinion states the case. There was a jury trial, and verdict and judgment for plaintiff. The defendant appeals.— *Affirmed.*

*Berryhill & Henry,* for appellant.

*Miller & Wallingford,* for appellee.

BISHOP, J.— On the evening of May 25, 1903, plaintiff delivered to defendant at Anna, Ill., four hundred and eighty crates of strawberries for shipment to Des Moines, this State. Defendant furnished for the purpose a refrigerator car, and the crates of berries were placed therein by its direction. That it was intended and expected that the car should be properly supplied with ice by defendant before being started on its journey, and that it should in like manner be re-iced en route as might be required, is not the subject of dispute. It is the claim of plaintiff that, although the berries were fresh, sound, and in good shipable condition at the time of the loading at Anna, when the car arrived in Des Moines on the morning of May 27th, and on being opened, it was found that the berries were wholly spoiled and valueless. The negligence alleged is in failing to properly ice the car before being started and while en route. Defendant, in answer, admits the receipt by it as a common carrier of the berries; denies that such berries were in good shipable condition; and denies negligence in respect of the icing of the car. On coming in of the verdict the defendant filed a motion for judgment *non obstante,* on the ground that the evidence was insufficient to make out a case of negligence; also and, subject thereto, a motion for new trial on the same ground. Both motions were overruled, and this appeal followed the entry of judgment on the verdict.

It thus becomes apparent that we have for determination but the question of the sufficiency of the evidence to warrant a finding for negligence. The plaintiff assumed the burden of proof, as under the allegations of its petition it was bound to do. *Denton v. Railway,* 52 Iowa, 161. And, as the charge of the court is not set out in the record, we shall assume that the jury was so instructed. Accordingly, it was incumbent on plaintiff to establish by a preponderance of the evidence these several fact conditions: (1) That the berries were shipable when delivered to the defendant; (2) that there was a failure on the part of defendant to properly ice the car; (3) that the condition of the berries when the car reached Des Moines was due to such failure to ice. There is some dispute in the evidence as to the condition of the berries when shipped. But the evidence for plaintiff tended to show that the shipment was in the evening, and that the fruit had been picked during the day; that it was in good condition, and not overripe, and was properly packed. So far, therefore, a finding in favor of plaintiff was warranted.

The car was arranged for refrigeration purposes by four ice bunkers, two at each end. The bunkers were loaded from the top of the car through trapdoors, and each would hold from one thousand two hundred to one thousand five hundred pounds of ice. The trapdoors were intended to be air-tight when closed. There was evidence for plaintiff tending to show that, when the car left Anna, the ice bunkers were not over half full, that the attention of defendant's agent was directed to the situation, and that, on being told that the car ought to be re-iced before leaving, he responded that there was not time, and that he would have it re-iced at Centralia, thirty miles away. The car was routed via Chicago, and arrived in Des Moines about twelve hours late, due, it is conceded, to matters connected with railway operation, and not the fault of defendant, or constituting negligence on its part.

Witnesses for plaintiff testified that, when the car arrived in Des Moines, there was no ice in two of the bunkers, and but little in the remaining two; further, when the car was opened, the air inside was found to be warmer than that outside. The weather at Anna was clear and pleasant, but it had been raining throughout the State of Iowa for several days. The further evidence for plaintiff was to the effect that, where a car was properly iced in Chicago at noon (the time when the bunkers were filled as testified to on behalf of defendant), there should not be a loss of ice to exceed 25 per cent, upon arrival of the car in Des Moines the next morning, and that the humidity of the atmosphere outside would have no appreciable effect, as refrigerator cars are supposed to be air-tight.

The evidence introduced by defendant was to the effect that the car was iced to its full capacity just before leaving Anna; and that the bunkers were inspected just before noon the next day in Chicago, and the ice replenished; two thousand pounds being used which filled each bunker to its full capacity. There was also evidence to the effect that refrigeration is affected by damp weather. Such is the fact situation as presented by the evidence in the record. Now, the defendant knew the character of the shipment, and, upon receipt, it became its duty to exercise the care and diligence necessary to protect it. "A carrier's duty is not limited to the transportation of goods delivered for carriage. He must exercise such diligence as is required by law to protect the goods from destruction and injury resulting from conditions which, in the exercise of due care, may be averted or counteracted. He must guard the goods from destruction or injury by the elements; from the effects of delays; indeed, from every source of injury which he may avert, and which, in the exercise of care and ordinary intelligence, may be known or anticipated." *Beard v. Railway,* 79 Iowa, 518.

Where, therefore, a carrier undertakes to carry perishable commodities in refrigerator cars, it is its duty to pro-

vide a supply of ice ample for the purpose — not merely at the point of shipment, but at such places along its lines as will reasonably insure a safe transit to the point of destination. The refrigeration must be continuous, and nothing will serve to excuse except an act of God, which could not be foreseen or guarded against. Neither damp weather nor the delays ordinarily incident to railway traffic fall under that head. This is the law, and we must assume that the court so instructed the jury. Being guided thereby, the jury had ample warrant to find the defendant negligent. To begin with, in view of the other evidence before them, they were not bound to believe that the car was iced to its capacity either at Anna or in Chicago; but, conceding that the bunkers were filled at each of those points, the fact remains that the car came into Des Moines with its bunkers empty, or practically so. Now, it might well be assumed that defendant knew that a supply of ice put in at Chicago would not last through to Des Moines. If, therefore, it had icing stations along the route traveled and failed to supply the car as needed, it was negligent; if it did not have the icing stations, it was negligent.

A further finding that the destruction of the berries was due to a lack of refrigeration was not only warranted, but could not well have been avoided. For the plaintiff, there was evidence to the effect that, with proper care, the fruit would have been in merchantable condition upon reaching Des Moines, and this, even though the time consumed in transit had been tripled. This evidence stands in the record undisputed.

We conclude that the motion for new trial was rightly denied, and the ruling and judgment is *affirmed*.