No. 3776

**Second Circuit**

(Second Division)

———

BREAZEALE v. AMERICAN RAILWAY EXPRESS CO., INC.

———

(November 18, 1931. Opinion and Decree.)

———

Breazeale & Hughes, of Natchitoches, attorneys for plaintiff, appellant.

Rusca & Cunningham, of Natchitoches, attorneys for defendant, appellee.

CULPEPPER, J. On November 9, 1928, Mrs. P. H. Bell, of Leaksville, Miss., shipped by the defendant carrier, to Mrs. Wood Breazeale, of Natchitoches, La., a lot of china and cut glass in two boxes, valued on the express receipt at $400. The shipment was delivered on November 13th to the defendant, in apparent good order, and delivered to the plaintiff in apparently the same condition.

It was some time after the receipt of the shipment before the packages were opened, due to the fact that plaintiff was moving into a new home. She did decide, however, to unpack the cases after Mrs. Bell had inquired, over long distance telephone, whether everything was all right. She then notified defendant's agent in Natchitoches that several articles were broken. Mr. McManus, the agent, made several attempts

to see Mrs. Breazeale, but, due to the fact that she was out, it was several days after receipt of the notice that he finally saw her. He puts the time about December 10th.

Some of the broken pieces were exhibited to defendant's agent, but the containers were probably destroyed, as at this time plaintiff had already moved. Claim was made for $250, and some effort made to adjust the matter amicably, but without result. This suit followed. Upon trial of the case, there was judgment for plaintiff for $46, but defendant filed a motion for a rehearing, which was granted, whereupon the matter was again submitted to the court without additional evidence, and judgment was then rendered for the defendant. Plaintiff appeals.

Defendant complains of a ruling of the lower court in ruling out as inadmissible a certified copy of the schedules and rules of defendant as filed with the Interstate Commerce Commission, upon the ground that the receipt or bill of lading issued to the shipper when received was (quoting), "what you are bound by."

This was an interstate shipment, and the provisions of the tariffs and classifications on file with and approved by the Interstate Commerce Commission have the force of statutes. And while the bill of lading should conform to the tariffs, rules, and regulations approved by the Interstate Commerce Commission, nevertheless, if there should be found any discrepancy, the published approved rules would govern. Southern Express Co. v. Byers, 240 U. S. 612, 36 S. Ct. 410, 60 L. Ed. 825, L. R. A. 1917A, 197. The objection, therefore, should have been overruled, and the schedules and rules admitted.

However, the document is before us, attached to a bill of exceptions, and it will not be necessary to remand the case to admit the evidence. Rule 18 of the Freight Classification Rules, provides as follows:

"All shipments must be so prepared or packed as to insure safe transportation with ordinary care on the part of the Express Company."

And further:

"Glassware, other fragile articles, or articles in glass or earthenware must be boxed, barreled, or crated and so packed as to insure safe transportation with ordinary care; if not so packed and plainly marked to indicate the nature of the contents, the company shall not be liable for damage to shipments, except when proved to be negligent."

The only testimony as to how this glass was packed was by Mrs. Breazeale, who testified that, when the packages were opened, "they were packed in excelsior, and newspapers on the bottom and top." There is no testimony as to the size of the packages, what they were composed of, how much excelsior was used, or the quantity or newspapers. It was not shown that the boxes were marked to indicate that the contents were glass, earthenware, or fragile articles. And there is a complete lack of testimony as to defendant's negligence.

The burden of proof was upon the plaintiff to show that these articles were, in fact, properly packed, and marked to indicate their contents. Failing in this, it was incumbent upon the plaintiff to prove defendant was negligent. In this, plaintiff also failed. The testimony is equally as unsatisfactory as to the value of the articles damaged.

The judgment appealed from is therefore correct, and is affirmed.