[File No. 5989.]

W. C. GEHRKE, Respondent, v. AMERICAN RAILWAY EXPRESS COMPANY, a Foreign Corporation, Appellant.

(240 N. W. 321.)

Opinion filed December 31, 1931. Rehearing denied January 22, 1932.

*Zuger & Tillotson,* for appellant.
*William Langer,* for respondent.

BURKE, J. This is an action to recover the value of certain poultry shipped by the defendant for the plaintiff. The action was tried to the court and findings of fact and conclusions of law were made favorable to the plaintiff, upon which, judgment was duly entered for the sum of $284.55 and from which judgment the defendant duly appeals.

On the 16th day of November, 1925, at Baldwin, North Dakota, a railroad station, at which the defendant received goods for carriage, the plaintiff delivered to the defendant six boxes of dressed chickens and one box or barrel of dressed turkeys, all in good condition, of the value of $200, consigned to C. M. Drake & Company of Philadelphia, Pa. When the poultry arrived in Philadelphia, the consignee refused to accept it on account of its being in such a spoiled, decomposed condition as to be unfit for food.

Before preparing the poultry for shipment, the plaintiff asked the agent of the defendant, at Baldwin, if they were going to have a "freezer" out of Max (Max is a town on the same branch line of the Soo Railway, the junction of the Baldwin and Sanish branches and a central point on the line). The agent wired for the information and after receiving it told the plaintiff, in substance, that if the weather condition made it necessary there would be a refrigerator car. The plaintiff then prepared the poultry for shipment, delivered it to the defendant at the station in Baldwin, where it was accepted and shipped by the defendant. There is no other contract in evidence. The defendant's only evidence is a copy of the schedule of rates and express

classifications filed with the Interstate Commerce Commission, and providing for the furnishing of refrigeration cars for perishable goods in carload lots.

It is the contention of the appellant that there is no contract between the parties for furnishing refrigeration service and that it would be unlawful and contrary to the rules and regulations of the Interstate Commerce Commission to furnish a refrigerator car for less than a carload and that there is no contract existing between the parties upon which damages may be predicated; that under the Official Express Classification Record the defendant could not be required to furnish a refrigerator car for less than a carload and since the plaintiff had less than a carload, the defendant was not obliged to furnish a refrigerator car. The information given him, the plaintiff, by the agent was that there would be a refrigerator car at Max, if the weather made it necessary. If there was no refrigerator car at Max or somewhere on the line that could be utilized, the defendant could have refused to accept the poultry. The boxes and barrels in which the poultry was shipped were each labeled and marked "poultry" in several places. The defendant could not help but know that this poultry could not be shipped all the way to Philadelphia, in good condition, without some kind of refrigeration.

The appellant complains about the condition of the boxes and barrels, stating that there was no room to place ice in the containers, but under the testimony this was apparent to anyone. "Where defects in a shipment, are perfectly apparent, it is the carrier's duty to refuse the shipment, and, having elected to carry them in a defective condition, the carrier will not be allowed to urge these defects as a defense." S. Valentine & Co. v. Atchison, T. & S. F. R. Co. 220 Ill. App. 188.

"It seems to be a generally well recognized rule that a common carrier may refuse to receive for shipment goods which are not packed, or which are so improperly or insufficiently packed that their transportation in that condition would be likely to entail on the carrier an element of extra risk, or would oblige it to exercise greater care to avoid injury or loss. It has been held that if goods are unfit for shipment, and ordinary observation would discover that fact, it is not only the right, but the duty of the carrier to refuse the shipment, in order that the shipper may, if he can, conform the shipment to a fit condition

of transportation. Such a doctrine conceding to a carrier the right to reject goods offered for carriage where they are improperly packed is a necessary consequence of yet another principle, which seems to be generally entertained, namely, that the acceptance of a shipment for transportation without qualification or dissent in respect of the fitness of its condition for that purpose, subjects the carrier to all the liabilities ordinarily attaching to an accepted shipment of the character to which that shipment belongs." 4 R. C. L. 665, § 142.

"Where without fault on its part a carrier is unable to perform a service due and demanded it must promptly notify the shipper of its inability, otherwise the reception of goods without such notice will estop the carrier from setting up what would otherwise have been a sufficient excuse for refusal to accept the goods or for delay in shipment after they had been received." 10 C. J. 67, § 56; Eastern R. Co. v. Littlefield, 237 U. S. 140, 59 L. ed. 878, 35 S. Ct. 489.

In the case of Northwestern Marble & Tile Co. v. Williams, 128 Minn. 514, L.R.A.1915D, 1079, 151 N. W. 419, the court said: "The better and more general rule seems to be that, if the goods presented for carriage are not properly packed, and that fact is apparent to the carrier or his servants upon ordinary observation, then the carrier may refuse to receive the goods in that condition; but if he does see fit to receive them he assumes to carry them as they are, and his full common-law liability as carrier attaches to the contract of the carriage." McCarthy v. Louisville & N. R. Co. 102 Ala. 193, 48 Am. St. Rep. 29, 14 So. 370; Elgin, J. & E. R. Co. v. Bates Mach. Co. 98 Ill. App. 311; Elgin, J. & E. R. Co. v. Bates Mach. Co. 200 Ill. 636, 93 Am. St. Rep. 218, 66 N. E. 326; The David & Caroline (C. C.) 5 Blatchf. 266, Fed. Cas. No. 3,593; Klauber v. American Exp. Co. 21 Wis. 21, 91 Am. Dec. 452; Atlantic Coast Line R. Co. v. Rice, 169 Ala. 265, 29 L.R.A.(N.S.) 1214, 52 So. 918, Ann. Cas. 1912B, 389; Hannibal & St. J. R. Co. v. Swift, 12 Wall. 262, 20 L. ed. 423; 1 Moore, Carr. 559.

The Interstate Commerce Act does not deprive the shipper of his common-law remedy. Cincinnati, N. O. & T. P. R. Co. v. Rankin, 241 U. S. 319, 60 L. ed. 1022, L.R.A.1917A, 265, 36 S. Ct. 555; Lysaght v. Lehigh R. Co. (D. C.) 254 Fed. 351.

In the instant case the poultry was perishable and was received by

672

the defendant in good condition and the burden was on it to show that the damage did not result from any cause for which it was legally responsible. Beard v. Illinois C. R. Co. 79 Iowa, 518, 7 L.R.A. 280, 18 Am. St. Rep. 381, 44 N. W. 800; Fockens v. United States Exp. Co. 99 Minn. 404, 109 N. W. 834; Brennisen v. Pennsylvania R. Co. 100 Minn. 102, 110 N. W. 362, 10 Ann. Cas. 169; Brennisen v. Pennsylvania R. Co. 101 Minn. 120, 111 N. W. 945; Lamb v. Chicago, M. & St. P. R. Co. 101 Wis. 138, 76 N. W. 1123; C. C. Taft Co. v. American Exp. Co. 133 Iowa, 522, 10 L.R.A.(N.S.) 614, 119 Am. St. Rep. 642, 110 N. W. 897.

The defendant offered no proof to overcome the burden and the judgment must be and is affirmed.

CHRISTIANSON, Ch. J., and BIRDZELL, NUESSLE and BURR, JJ., concur.