## BOH BROS. CONST. CO. v. PERRY HEAVY HAULERS.

### No. 12091.

Circuit Court of Appeals, Fifth Circuit.

March 12, 1948.

Charles F. Fletchinger, of New Orleans, La., for appellant.

Selim B. Lemle, of New Orleans, La., and J. Morgan Stevens, of Jackson, Miss., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

The suit, arising under the Motor Carrier Act of 1935,[1] was for damages plaintiff's ditching machine had sustained while being transported by defendant-appellee.

Instead of declaring generally upon defendant's obligation as a common carrier of interstate freight with allegations that the machine was in good condition when loaded by the carrier and was in bad condition when delivered by it, plaintiff plead,[2] but did not prove, specific acts of negligence. Notwithstanding this specific pleading, however, plaintiff tried its case, and

---

[1] 49 U.S.C.A. §§ 301–327.

[2] "While the machine was being transported by the defendants, by motor truck, en route to Pollock, Louisiana, under the agreement of carriage aforesaid, the motor truck met with an accident on Highway No. 84 in going over the river bridge at Jonesville, Louisiana. In loading the ditching machine on the truck, the plaintiff is advised and accordingly alleges, that the machine was permitted to extend over and beyond the width

the court decided it, as though plaintiff had not plead specially.

The defendant, denying plaintiff's allegations of negligence, alleged that the injury to the machine occurred through the fault of plaintiff in improperly preparing the machine for shipment, and defended on the ground that the damage having thus been sustained through the act and fault of the shipper, the carrier was not liable.

The case was tried to the district judge without a jury. Finding that the plaintiff had improperly prepared the machine for shipment and the damage had occurred because of its fault in this respect, but that the carrier was not negligent in relying on the shipper's assurance that the shipment was properly prepared,[3] the district judge determined that, under settled principles of law, the fault of the shipper had exonerated the carrier.[4]

Appellant is here insisting that the evidence does not support the court's finding, that the fault of the shipper in preparing the machine for shipping was the cause of the damage, and that in so finding and holding the court erred.

Appellee, on its part, insists that the finding is fully supported. Further, citing Snowden v. Tremont & G. R. Co., La.App., 140 So. 122, it insists that plaintiff having plead specific acts of negligence and failed to prove them, the judgment must for that reason also be affirmed.

■■ Whatever, as a matter of first impression, we might think the evidence established, the case having been tried to the court without a jury, and on oral evidence, we may not disturb these findings unless upon the evidence as a whole we can say that they are clearly erroneous. Examining the evidence from this point of view, we are quite clear that we cannot say that the assailed findings are without substantial support in the evidence or that the court has either mis-stated or mis-applied the law. This being so, the judgment must be affirmed on the findings, and it becomes unnecessary to consider or determine whether, as appellee contends, the judgment must also be affirmed because of plaintiff's special pleading.

Affirmed.

---

of the truck, this being the part of the machine known as the conveyor. In going over the bridge the truck driver carelessly and negligently failed to give himself enough clearance so that the extended conveyor struck the rail or abutment of the bridge, which did serious and irreparable damage to certain parts of the conveyor."

3 After finding that the shipper had insisted on tying up the conveyor with a rope instead of using a chain to make it fast as the carrier suggested, the court found that it could not on this record say that the carrier could have reasonably anticipated, in view of the nature of the rope used and of the shipper's assurance that damage would result from the use of the rope as urged by the shipper, he found:

"Heflin, the truck helper, testified that he had considerable experience as a rigger but he did not know 'too much' about 'the value of stress of rope'. He knew as did the truck driver and plaintiff's

employees that a chain in a steel head binder would surely hold the conveyor in place and for that reason he suggested its use. But he did not know and consequently it was not apparent to him at the time of the loading that the machine could not safely be carried in its then condition, otherwise he would not have asked the foreman: 'Do you think this rope will hold it down? * * *' And when the foreman replied, 'No, the rope will hold it all right', Heflin, who did not know, was content to rely upon the foremen's superior knowledge that the loading was proper for he replied: 'You should know'."

4 Alabama & V. Ry. Co. v. American Cotton Oil Co., 5 Cir., 249 F. 308; Alabama Great Southern v. Morris, 5 Cir., 249 F. 312; Breazeale v. American Ry. Exp. Co., 18 La.App. 59, 137 So. 585; Gehrke v. American Ry. Express Co., 61 N.D. 668, 240 N.W. 321, 81 A.L.R. 808, p. 811.