## HELM'S EXPRESS, INC.
v.
## UNITED STATES of America.
### Civ. A. No. 2048.

United States District Court
D. Delaware.
Aug. 30, 1960.

William F. Lynch, II, and George C. Hering III (of Morris, James, Hitchens & Williams), Wilmington, Del., for plaintiff.

Ralph Keil, Asst. U. S. Atty. for Dist. of Delaware, Wilmington, Del., for defendant.

STEEL, District Judge.

Plaintiff, a motor common carrier certified by the I.C.C., has sued the United States to recover freight charges of

$5,195 for transportation services performed for the United States. Since plaintiff seeks to recover upon either an express or implied contract, jurisdiction exists under 28 U.S.C. § 1346(a) (2). The charges were admittedly incurred but defendant has refused to pay them upon the ground that previously plaintiff had damaged a camera owned by defendant while transporting it to the defendant in Ohio after it had been repaired for defendant by Huebner Laboratories in New York. Whether plaintiff should be held accountable for the damage to the camera is the crux of the case. The action was tried to the Court upon the pleadings, two written stipulations of fact, and oral concessions of counsel.

To establish liability on the part of a carrier for injuries sustained to merchandise while in its possession, it must be shown that the merchandise was, when received by the carrier, in better condition than when delivered by the carrier. Ohio Galvanizing & Mfg. Co. v. Southern Pac. Co., 6 Cir., 1930, 39 F.2d 840, certiorari denied 282 U.S. 879, 51 S.Ct. 83, 75 L.Ed. 776. From the stipulated facts it is a fair inference that the defendant's camera was in fact damaged in transit.[1]

The liabilities of a common carrier are fixed by the Acts of Congress, the terms of the bill of lading, and the rules of the common law recognized by the federal courts. United States v. Savage Truck Line, 4 Cir., 1953, 209 F.2d 442, 445. With one possible exception,[2] the provisions of the bill of lading are not material.

Defendant's claim against plaintiff is based upon 49 U.S.C.A. § 20(11). This provides in part that a common carrier subject to the Act (as was plaintiff, 49 U.S.C.A. §§ 1, 319) shall be liable to the lawful holder of its bill of lading for any loss, damage or injury caused by the common carrier to property transported by it.[3] This statute did not change the common-law doctrine in respect to a carrier's liability for loss occurring on its own line. Cincinnati, New Orleans & Texas Pacific R. Co. v. Rankin, 1916, 241 U.S. 319, 326, 36 S.Ct. 555, 60 L.Ed. 1022; Boh Bros. Const. Co. v. Perry Heavy Haulers, D.C.E.D.La., 1947, 72 F.Supp. 102, 104, affirmed 5 Cir., 1948, 166 F.2d 719. At common law, a carrier was liable, without proof of negligence, for all damage to the goods transported by it, subject to certain exceptions. Proof that the damages were occasioned by the shipper was one such exception. Secretary of Agriculture v. United States, 1956, 350 U.S. 162, 165–166, footnote 9, 76 S.Ct. 244, 100 L.Ed. 173. In the present case it is stipulated that the shipper, Huebner, was negligent in loading the camera and that the damage to the camera was caused by the

---

1. Paragraphs 3, 4 and 12 of the stipulation dated June 10, 1960 read:

    "3. Sometime prior to October 5, 1956, Huebner Laboratories were employed by Defendant, United States of America (United States Air Force) to repair a certain step and repeat high quality camera, originally designed and manufactured by Huebner Laboratories.

    "4. In accordance with the terms and conditions of such employment, the camera was returned to Huebner Laboratories, which took possession of the subject camera and fully repaired the same, at its laboratories in Marmaroneck, New York. Huebner Laboratories then undertook to return the subject camera, in its repaired state, to the Defendant * * *.

    \* \* \* \* \* \*

    "12. * * * Upon arrival, the subject camera, * * * was discovered by the Defendant to be damaged.

2. The possible exception is the notation "crate riding flat" placed upon the "shipping order" by Huebner, the shipper. Plaintiff asserts that this notation is the equivalent of a "shipper's weight, load, and count" bill of lading and hence by the terms of 49 U.S.C.A. § 101 Huebner, and not plaintiff, is liable for the damage to the camera in transit. It is unnecessary to determine any aspect of this contention in view of the disposition which is made of the case.

3. The Court will assume, as have both parties, that defendant was the lawful holder of the bill of lading.

improper loading.[4] Thus, plaintiff would appear to have a water-tight defense to the claim of the defendant.

In spite of this, the defendant attempts to impose liability on the plaintiff by asserting that plaintiff knew that the shipper had not loaded the camera properly, and that for this reason the usual rule which exonerates a carrier from liability when the shipper is at fault should not apply. The legal proposition which defendant asserts finds support in United States v. Savage Truck Line, 4 Cir., 1953, 209 F.2d 442. The difficulty is that the argument is posited on a fallacious factual premise. The record not only will not support a finding that plaintiff was aware that the camera had been improperly loaded by the shipper, but the record affirmatively establishes that the plaintiff was warranted in believing that the camera had been properly loaded.

When shipped, the camera was encased in a wooden crate the size of a telephone booth. It weighed about 1,300 pounds. When the shipper requested plaintiff to pick up the camera, the plaintiff told the shipper that plaintiff did not have sufficient manpower to load the crate and that the shipper would have to arrange the loading itself. When plaintiff's truck called for the camera, employees of the shipper loaded the crate on its side, flat on the floor of the truck. The side of the crate facing upward contained the names of the addressor and addressee and two notations, "very fragile—handle with care" and "delicate instruments—handle with care". It also had an arrow stenciled on it. The arrow was located at one end of the crate, was parallel to the long side of the crate, and pointed in the direction of the end of the crate to which it was closest. When the crate was loaded the arrow pointed toward the nose of the truck.

When the crate was being loaded the driver of the truck noticed the arrow. Apparently the arrow suggested to the driver the possibility that the crate should be transported in an upright position rather than on its side, and he asked plaintiff's dispatcher to find out what action he should take. The dispatcher instructed the driver to check with the shipper and to have the shipper place a notation on the shipping order that the crate was riding flat. When this request was made to Mr. Huebner, the shipper, he willingly wrote on the shipping order, "crate riding flat".

■ The shipper was familiar with the contents of the crate. The plaintiff was not. The shipper, by loading the crate in a flat position, indicated that this was the manner in which the camera should be transported. When, after the camera had been loaded, the question of loading was specifically brought to the shipper's attention, the shipper reaffirmed its desire to have the camera transported in a flat position by noting on the shipping order, "crate riding flat." In these circumstances, plaintiff was under no duty to disregard the shipper's instructions and to place the camera in an upright position while transporting it. Under comparable facts, the responsibility for loading assumed by a shipper has been held to relieve a carrier from liability. Boh Bros. Const. Co. v. Perry Heavy Haulers, D.C.E.D.Pa., 1947, 72 F.Supp. 102, affirmed 5 Cir., 1948, 166 F.2d 719.

In United States v. Savage Truck Line, 4 Cir., 1953, 209 F.2d 442, 446, relied upon by defendant, the trial court had determined, upon adequate evidence, that the driver of the truck had failed to use ordinary care to fasten the merchandise on his truck after he had concluded from observation that the merchandise

---

4. Transcript of argument, August 24, 1960, p. 17:

"The Court: Does the Government concede that the shipper was negligent in loading the camera?

"Mr. Keil: Yes, Your Honor.

"The Court: And I take it the Government also concedes that the damage to the camera was caused by the improper loading?

"Mr. Keil: Yes, Your Honor."

had not been properly fastened to the truck by the shipper. Negligence comparable to that of the driver in Savage Truck Line was absent both in Boh Bros. Const. Co. and in the case at bar.

Judgment shall be entered for plaintiff against defendant in the amount of $5,195, plus costs.

The findings of fact and conclusions of law required by Rule 52, 28 U.S.C.A., are embodied in this opinion.